UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOMINIC NOVAK, *et al.*,

        Plaintiffs,

        v.

DOUGLAS A. LINES, P.C., *et al.*,

        Defendants.

Civil Action No. 11-468 (JMF)

**MEMORANDUM OPINION**

Pending before me and ready for resolution is <u>Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, to Abstain</u>. [#24]. For the following reasons, defendant's motions is granted in part and denied in part as moot.

**Background**

This case stems for the representation of plaintiff Dominic Novak in a lawsuit he brought against the owners of Zei Nightclub, outside of which he was brutally assaulted in 2000. <u>See Novak v. Capital Mgmt & Development Corp.</u>, 570 F.3d 305 (D.C. Cir. 2009).

On January 6, 2001, Novak retained Wayne Powell to represent him agreeing to pay a one third contingency fee. [#24-2] at 19. On the next day, January 7, 2001, Wayne Powell associated the law of offices of Douglas A. Lines ("Lines") to work on Novak's case, agreeing that the Lines firm would receive one third of the fees that would be recovered. [#24-2] at 18. More than a year later, Powell and Lines, having secured Novak's consent, agreed that (1) Jonathan Halperin would be associated with them in representation of Novak; and (2) Lines would only

get 5% of the gross recovery as his fee. [#24-2] at 20.

On May 28, 2003 Powell sent Lines a letter indicating that he had Novak's consent to propose a new fee arrangement among counsel. [#24-2] at 21.  Halperin, a member of the firm then known as Regan, Halperin & Long, would receive 43.75 % of the 40% of his recovery that Novak agreed to, Powell would also receive 43,75%,  but Lines would get 12.5% of the recovery up to a maximum of $75,000. Id.  Lines, however, refused to sign that agreement and the case proceeded to trial.

Novak ultimately secured an award of $4,111,772. [#24-1] at 3. Patrick Regan, now practicing in the firm Regan, Zambri & Long ("RZL"), then took $69,000 held in a trust account for Novak and put it in escrow to satisfy any claim Lines could make, *quantum meruit*, for the services rendered. Complaint, ¶ 33. This deduction was taken from the amount otherwise due Novak and will be returned to him if Lines is ultimately determined not to receive any money.  If Lines is awarded less than the $69,000 held in escrow, the remainder of the amount held will be disbursed to Novak.

On August 24, 2010, Douglas A. Lines, P.C. now doing business as a Virginia professional corporation and Douglas Lines sued Regan, Regan, Zambri and Long, P.L.LC., Powell, Powell and Parish, P.C., and Halperin in the Circuit Court of the County of Chesterfield, Virginia, claiming (inter alia)  that the defendants (1) breached the contract entitling him to 5% of the gross fee recovery or $207, 624.10; or (2) in the alternative, the one third agreed to initially and (3) that Regan breached his professional duty to segregate and hold in escrow an amount equal to Lines' entitlement but instead disbursed the judgment funds to himself, Powell and Novak without paying him anything. [#24-2] *passim*.

2

Regan and Novak then brought the instant action claiming that Lines violated his professional responsibilities to Novak. Complaint [#1]. Specifically, the complaint alleges that (1) the lawsuit that Lines has filed is a breach of fiduciary, contractual and ethical duties that Lines owed to Novak; [#1] ¶ 31; (2) committed malpractice in the representation of Novak by failing to represent him in this Court with the required diligence, legal knowledge and skill; [#1] ¶¶ 37-40 and (3) breached the contract with Novak to provide him with legal representation. [#1] ¶¶ 41-48. In the alternative, Novak demands, that if Lines is nevertheless found to be entitled to some fee that it be limited *quantum meruit* to the services Lines actually performed.

**Analysis**

The complaint is deficient as to all parties as it fails to allege facts sufficient to assert standing. First, Novak is not threatened by any cognizable harm since he is not a defendant in the action Lines brought in Virgina. As such, Novak lacks standing as he cannot possibly have been harmed nor will be harmed by anything Lines has or failed to do or by the resolution of the Virginia action.

Regan, on the other hand, is only complaining that as a result of Lines' lawsuit in Virginia Novak has been deprived of the use of the money that Regan took from the judgment funds that would otherwise go to Novak and put them to escrow even though Lines is not seeking any thing from Novak in the Virginia. Thus, the inability to use the escrow amount and its potential loss can only harm Novak and Regan cannot possibly claim any harm to himself because of the escrow Regan created. Thus, in my view, neither defendant is threatened with any cognizable harm that justifies the continued consideration of their complaint because they lack standing to assert the harms about which they complain.

A plaintiff seeking relief in a federal court must first establish that he "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citations omitted).

First, Novak cannot suffer any injury if the judge in the Virginia action finds that Lines should be awarded some portion of the attorneys' fees. Novak is not named as a defendant in the Virginia action. While there is a dispute as to what retainer agreement, if any, is in effect as to Lines' representation of Novak, Lines is not attempting to recover money from Novak in the Virginia action. Thus, the potential loss of the $69,000 in escrow and Novak's inability to use it in the meanwhile is not due to any thing that Lines has done or can do. Lines is suing Regan, not Novak. The placement by Regan of Novak's funds into an escrow account when Lines sued not him but Regan and RZL cannot be construed as a sufficient n injury to Novak by Lines to confer standing upon Novak to complain about it.

I appreciate that Novak complains of the wrongs Lines did him in the prosecution of his lawsuit but Novak's complaint is not about what Lines did but what he failed to do. Assuming Lines did not do what he was supposed to do, how was Novak harmed? He cannot seriously be complaining that he suffered some harm at Lines' hands when he walked away from this case with more than $4,000,000 and Lines' alleged failures could not possibly have affected the amount of that judgement one jot or tittle.

Counts I and II of the Complaint must therefore also be dismissed as to Novak, for he has not suffered and is not threatened with any injury that is cognizable as a legal wrong.

Finally, Count III fails because a claim of *quantum meruit* cannot be asserted by a party

who is not in turn being sued for attorney's fees. Lines is not attempting to recover from Novak, therefore there is no reason for Novak to assert *quantum meruit* against Lines. As such, Count III as to Novak must also be dismissed.

Turning to Regan, he is not complaining about the breach of any duty owed him. Instead, the complaint only complains about the breach of duties that Lines owed Novak. But, Regan cannot bring a lawsuit to complain about a breach of a duty owed to some one else. Additionally, Regan has to reckon with the fact that the money placed in escrow was and is Novak's; it's not Regan's. If Lines gets is awarded any portion of the money in escrow, Novak is poorer, not Regan. Any interest lost on the money in escrow is Novak's not Regan's and, in any event, the funds in escrow should be gaining interest no matter to whom they will ultimately be paid.

Reduced to its essentials, this is therefore an action by attorney who put some of his client's funds in escrow under circumstances where it is impossible for the attorney to lose a penny of that escrow. Thus, Regan has no standing whatsoever to assert a right against Lines when Regan is only complaining about what Lines did to Novak and not him.

I therefore must conclude that the complaint fails to assert standing as to any of the plaintiffs. It must therefore must be dismissed in its entirety. I note that since defendants have not yet answered plaintiffs may file an amended complaint without leave of court. Accordingly, <u>Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, to Abstain</u> [#24] will be granted in part and denied in part as moot, as the Motion to Abstain is not considered here. An appropriate Order accompanies this Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE